**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:22-cr-69 |
| Adolph Akwe Lawrence, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Adolph Akwe Lawrence moves to suppress evidence following a March 8, 2022, traffic stop and to dismiss count seven of the second superseding indictment. Docs. 381; 378. United States Magistrate Judge Alice R. Senechal held an evidentiary hearing on the suppression motion. Doc. 387. She filed a Report and Recommendation where she recommends denying the suppression motion. Doc. 401. Lawrence filed an objection. Doc. 402. After reviewing both motions, the objection, and the Report and Recommendation, the Court adopts the Report and Recommendation and denies both motions.

## I.      Suppression Motion

Lawrence contends that law enforcement's use of automatic license plate reader ("ALPR") data violated his Fourth Amendment rights. Doc. 381. The United States argues use of ALPR data does not constitute a search within the meaning of the Fourth Amendment. Doc. 390, p. 4-5. On December 11, 2025, Judge Senechal held an evidentiary hearing on the suppression motion. Doc. 397. She later filed a Report and Recommendation, stating:

> Lawrence cites no case law adopting the position he posits. Nor has this court's research identified cases doing so. Lawrence has not advanced arguments sufficient to lead the court to conclude use of ALPR data should be considered a Fourth Amendment search. Even if the conclusion were theoretically viable, the evidence shows ALPR data was not a factor contributing to the traffic stop and the package search that followed. This court recommends the district judge conclude the use of

ALPR data was not a search under the Fourth Amendment and did not violate Lawrence's constitutional rights.

Doc. 401, p. 17-18. The deadline to file objections to the Report and Recommendation was January 29, 2026. Lawrence filed a timely objection. Doc. 402.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." United States v. Ceron, No. 2:15-CR-55, 2019 WL 3161785, at *1 (D.N.D. July 15, 2019) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).

Lawrence objects to Judge Senechal's conclusion that use of ALPR data is not a search under the Fourth Amendment.[1] Doc. 402 at 1. Specifically, Lawrence argues Judge Senechal incorrectly distinguished his case from Carpenter v. United States. Id. at 2; 585 U.S. 296 (2018). He asserts use of ALPR data is akin to Carpenter's "detailed chronicle" of movements created from historical cell-cite location data. Id. After reviewing the case law, this Court agrees with Judge Senechal's determination that law enforcement's use of ALPR data is not a search under the Fourth Amendment. Further, this Court finds Lawrence's case is distinguishable from Carpenter. As other courts have concluded, ALPR data is substantially less comprehensive compared to Carpenter's cell-cite location information. United States v. Jiles, 2024 WL 891956, at *19 (D. Neb. Feb. 29, 2024). Lawrence has not provided any case law to the contrary. What is more, the evidence shows that ALPR data was not a factor contributing to Lawrence's traffic stop. Doc. 399, p. 16.

---

[1] Lawrence also objects to Judge Senechal's application of the independent source doctrine. Doc. 402, p. 2. Because the Court concludes that use of ALPR data does not constitute an unlawful search under the Fourth Amendment, it does not discuss Lawrence's independent source argument.

**II.     Motion to Dismiss**

Lawrence argues count seven of the second superseding indictment (witness tampering under 18 U.S.C. § 1512(c)(2)) is multiplicious with count six (obstruction of justice under 18 U.S.C. § 1503(a)) and should be dismissed. Doc. 378.

Under Federal Rule of Criminal Procedure 12(b), a criminal defendant may move to dismiss an indictment for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). Indeed, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12. An indictment is multiplicious when it charges a single offense in several counts. United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The Blockburger test is met "notwithstanding a substantial overlap in the proof offered to establish the crimes." Wilkinson, 124 F.3d at 975.

The United States argues "[p]recedent from the Eighth Circuit and every other federal appellate court to consider the question holds that simultaneous prosecutions for obstruction of justice under 18 U.S.C. § 1503 and witness tampering under 18 USC § 1512 are not multiplicitous." Doc. 384, p. 1. The Court agrees and is bound by such precedent. Count seven is not multiplicious with count six as each crime requires proof of an element different than the other. United States v. Risken, 788 F.2d 1361, 1369 (8th Cir. 1986). All circuit courts to consider the question have concluded the same. United States v. Davis, 854 F.3d 1276, 1289-90 (11th Cir. 2017); United States v. LeMoure, 474 F.3d 37, 43 (1st Cir. 2007); United States v. Wesley, 748 F.2d 962, 963-65 (5th Cir. 1984). As such, Lawrence's argument fails.

Having reviewed the Report and Recommendation, the parties' filings, and the relevant legal authority, the Court agrees with Judge Senechal's thorough analysis. For the reasons outlined in the Report and Recommendation, Lawrence has not convinced the Court that use of ALPR data constitutes a search under the Fourth Amendment. The Court **ADOPTS** the Report and Recommendation (Doc. 401) in its entirety. Lawrence's objections to the Report and Recommendation (Doc. 402) are **DENIED**. Lawrence's motion to suppress (Doc. 381) is **DENIED**. Finally, Lawrence's motion to dismiss (Doc. 378) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of March, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court